**In the Matter of Charles R. LeMASTER.**

**No. 1078 S 238.**

Supreme Court of Indiana.

April 19, 1982.

## ORDER ACCEPTING CONDITIONAL AGREEMENT AND IMPOSING A PERIOD OF SUSPENSION

Come now the Disciplinary Commission of the Indiana Supreme Court and Charles R. LeMaster, Respondent herein, and tender to this Court a "Statement of Circumstances and Conditional Agreement for Discipline," which agreement more fully appears in words and figures as follows, to-wit:

(H. I.)

And this Court, being duly advised, now finds that the Respondent as an officer and director of LaPan Corporation, made affirmative misrepresentations of fact and omitted material pieces of information in the sale of corporate stock to investors. Such misrepresentations and omissions constitute a violation of Regulation 10 B–5 under the Securities Act of 1933. By the foregoing conduct, the Respondent engaged in conduct involving deceit and misprescentation, conduct that adversely reflects on his fitness to practice law and conduct that is prejudicial to the administration of justice, all in violation of Disciplinary Rule 1–102(A)(4), (5) and (6) of the Code of Professional Responsibility.

This Court finds further that Respondent has met the Requirements of Admission and Discipline Rule 23, Section 17(a), by tendering to this Court the requisite affidavit. Accordingly, we find that the agreed discipline, a period of suspension, is appropriate under the circumstances of this case. In light of the fact that Respondent has already voluntarily refrained from the practice of law since March, 1979, we find that the period of suspension should run from such date of voluntary withdrawal.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Respondent, Charles R. LeMaster, is suspended from the practice of law in Indiana for a period of two years running retroactively from the date of Respondent's voluntary withdrawal. It is further ordered that Respondent must meet the requirements of Admission and Discipline Rule 23, Section 4 in order to become eligible for reinstatement.

The Clerk of this Court shall forward copies of this Order to the parties of this cause and to their attorneys.

Cost of these proceedings are assessed against the Respondent.

All Justices Concur.